UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREL MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00255-LJM-DKL |
| ) | |
| JOHNSON C.O., ) | |
| SWEENEY C.O., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment
And Directing Entry of Final Judgment**

Plaintiff Jerel Mosley is an inmate at the Correctional Industrial Facility ("CIF"). He brings this lawsuit pursuant to 42 U.S.C. 1983, alleging that the defendants violated his constitutional rights when they injured him in the course of handcuffing him while he was confined at the Putnamville Correctional Facility ("ISF"). Arguing that Mosley failed to exhaust his available administrative remedies with respect to his claims, the defendants have moved for summary judgment. Mosley has not responded to the motion for summary judgment. For the following reasons, the Court finds that the motion [dkt 31] must be **granted**.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.* 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining

the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

Mosley has not opposed the motion for summary judgment, either with evidentiary material or with a narrative statement suggesting that the defendants are not entitled to summary judgment based on the pleadings and the evidentiary record. He has not filed a statement of material facts in dispute. The consequence of these circumstances is that Mosley has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

Mosely was incarcerated at ISF from August 2011 through September 18, 2015. There is a grievance program in place at ISF which was in place while Mosley was incarcerated there and during the time that he alleges that his civil rights were violated ("the Grievance Policy"). Pursuant to the Grievance Policy, inmates may grieve matters that involve actions of individual staff. The Grievance Policy requires an attempt to resolve the complaint informally, as well as two formal steps: a formal written grievance, and then an appeal of the response to the level one grievance.

Mosley filed a formal grievance, # 87886, on June 12, 2015, regarding a complaint about facility staff for an incident that occurred on May 19, 2015. He did not file a formal appeal regarding this grievance.

### III. Discussion

The defendants argue that Mosley's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendants have shown that there was a grievance process in place at the time that Mosley alleges that they violated his rights and that while Mosley filed a formal

grievance, he never filed a formal grievance appeal. Mosley has provided no evidence or argument to dispute this. Accordingly, it is undisputed that Mosley failed to exhaust his administrative remedies against the defendants and the defendants are entitled to summary judgment on the Mosley's claims.

### IV. Conclusion

The consequence of Mosley's failure to properly exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claim should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The motion for summary judgment [dkt 31] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: May 5, 2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEREL MOSLEY
193835
Correctional Industrial Facility
5124 Reformatory Road
Pendleton, IN 46064

All electronically registered counsel